## BEITLER v. STUDY.

A plea in abatement after a plea in bar may be struck off by the court, although the plea in bar had been withdrawn by leave of the court, and permission granted to file a new plea.

The deposition of a witness far advanced in pregnancy may be read, where it was shown she resided eight miles from the court-house, and it was said it would not be proper for her to attend.

IN error from the Common Pleas of Adams.

Ejectment. Defendant pleaded not guilty. By leave of the court, she withdrew this plea, with leave to file another. She then pleaded her *coverture* at the bringing of the suit, in abatement, supported by an affidavit. This the court struck off.

The other exception is fully stated in the opinion of this court.

*McClean* and *Reed*, for plaintiff in error.

*McCreary*, contrà.

*May* 27. BURNSIDE, J.—The court were right in striking out the plea in abatement. It had been entered after the cause had been at issue, which was too late, as well by the rules of court as by every settled principle of practice.

But, we think the deposition of Mrs. Hinsel ought to have been received. It had been taken on the 15th of November, under a rule of court, on notice, at her residence, in Castletown, eight miles from Gettysburg, and at the village where the defendant resided. The trial was the week following. The plaintiff insisted that the witness ought to be present. In order to show why the witness was absent, the defendant proved by Esquire Hoffman, before whom the deposition had been taken, that he "saw the witness standing in her door to-day. *She appeared far advanced in pregnancy.* I think she could not attend with propriety. I can't say when she will be brought to bed. It might be this week or next. She is far advanced." On being cross-examined, he said: "She had on her common clothes; seemed to be moving about; did not appear to be sick. I am the same justice before whom the deposition was taken yesterday a week. I did not speak to her this morning. She is a hale and healthy woman. It was in Castletown I saw her. She did not appear to avoid her neighbours. I did not ask her about her condition. There is a doctor living within a mile of her. She is not under the care of any doctor, that I know of. She lives in Castletown, eight miles from this." Mr. Hoffman was the only

witness called on this point, on either side. The court rejected the deposition.

The law is well settled that, in cases like the present, the admission or rejection of depositions is a question open to the supervision of this court: Pipher v. Lodge, 16 S. & R. 220. No fixed rule can be laid down by which a court can regulate itself. Their determination must often depend on the particular circumstances of the case: Parks v. Dunkle, 3 W. & S. 293. Here, the woman whose deposition had been taken, was proved to be far advanced in pregnancy, and the magistrate swore that he believed she could not attend with *propriety*. It is at all times unpleasant to bring a woman before the court, but one in the situation of Mrs. Hinsel, peculiarly so. A judge who will reflect correctly, will not only think of the situation of the witness, but of the season of the year, she is required to attend. November is generally an inclement month. To a woman situated as she was, the change of her lodgings and mode of living, as well as the probable agitation of mind, might produce consequences not only dangerous to her own life, but to that of her offspring. On the evidence before the court, and the question as it was presented, the deposition ought to have been admitted. Mrs. Hinsel ought not to have been compelled to attend. It would have been cruel to have attempted it, and it was error, under the circumstances, to reject her deposition.

Judgment reversed, and a *venire de novo* awarded.